IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**RITA SOMALAKIS**
    Plaintiff,

v.                                                                                    Civ. No. 06-0116 BB/WDS

**UNITED HEALTHCARE GROUP, INC., d/b/a**
**UNITED HEALTHCARE SERVICES, INC.,**
    Defendant and Third-party Plaintiff,

v.

**THE LOVETT LAW FIRM TRUST ACCOUNT,**
    Third Party Defendant.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to Remand (Doc. No. 5) and Third Party Defendant's Motion to Remand (Doc. No. 4). The case was removed to this Court on February 9, 2006 (Doc. No. 1). Plaintiff and Third Party Defendant move to remand, claiming that neither diversity nor federal question jurisdiction exists in this matter. This Court, having considered the premises, determines that diversity jurisdiction is proper in this case, and that Plaintiff's and Third Party Defendant's Motions to Remand will be DENIED. Therefore, the Court will not consider whether federal question jurisdiction exists.

Background

In 2003, Plaintiff was injured in a motor vehicle accident. Plaintiff's health care plan paid medical benefits on Plaintiff's behalf. In this case, Plaintiff seeks

declaratory relief against her provider. Plaintiff seeks a judgment declaring that the provider is not entitled to any reimbursement from the proceeds of a tort settlement that Plaintiff received. Defendant filed a counterclaim against Plaintiff, seeking reimbursement. In addition, Defendant filed a claim against the Third Party Defendant, the trust account of Plaintiff's counsel in the tort action, apparently seeking to recover any settlement funds in satisfaction of the reimbursement to which Defendant claims it is entitled.

Discussion

A. Federal Diversity Jurisdiction

Under 28 U.S.C. §1332, this Court has jurisdiction over matters in which the plaintiffs and defendants are completely diverse from each other, if the amount in controversy is at least $75,000.00.

(1) Amount in Controversy

In this case, Defendant, as the removing party, has the burden of showing jurisdiction to the Court. "Ordinarily, the amount in controversy is to be determined by the allegations of the complaint, or, where they are not dispositive, the allegations in the petition for removal." Lonnquist v. J. C. Penney Co., 421 F.2d 597, 599 (10th Cir. 1970). Here, the allegations of the complaint do not make the amount in controversy clear. See Complaint (Ex. A to Notice of Removal). Thus,

under Lonnquist, this Court will look at the allegations in the petition for removal. The Petition for Removal specifically alleges that the amount in controversy is over $75,000.00. See Notice of Removal (Doc. 1) at 2; see also Third Party Complaint (Doc. 2) at 7-8. Indeed, the Third Party Complaint specifically alleges that the health care plan paid in excess of $100,000.00 to Plaintiff, and that Plaintiff received $100,000.00 in settlement from a tort suit arising from the accident. See Third Party Complaint at 7.

Ordinarily, good faith allegations of the jurisdictional amount are given credit unless it appears to a legal certainty that the amount is not actually int controversy. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961) ("In deciding this question of good faith we have said that it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." (citations and quotations omitted)). The Court is not persuaded by Plaintiff's arguments that the amount in controversy is insufficient. Although Plaintiff relies on an "offer of settlement" purportedly attached as an exhibit to her Motion to Remand, Plaintiff neglected to attach such an exhibit. Moreover, Plaintiff has not since filed any such exhibit, even though the Defendant and Third Party Defendant's Responses pointed out the omission. Therefore, this Court need not rule on whether such an offer of settlement is admissible under Rule 408 of the Federal Rules of Evidence. Plaintiff

has submitted nothing to show that the jurisdictional amount does not exist to a legal certainty. Rather, because both the Notice of Removal and the Third Party Complaint allege damages in excess of $75,000.00, both of these claims meet the jurisdictional amount.

(2) Diversity

In this case, diversity is proper as between the original Plaintiff, a citizen of New Mexico, and the original Defendant, a citizen of Minnesota. In such a case, "it is clear that if a case is properly within the diversity jurisdiction and the defendant files a third-party complaint against a resident of the plaintiff's state the court does not lose jurisdiction over the plaintiff's claim." See Fidelity and Deposit Co. of Maryland v. City of Sheboygan Falls, 713 F.2d 1261, 1266 (7th Cir. 1983). Thus, contrary to Plaintiff's assertion, the citizenship of the Third Party Defendant as compared to that of the Plaintiff is of no moment as to the assessment of whether diversity is complete.

The Court notes here that there is some dispute between the parties as to whether the Third Party Defendant is a citizen of New Mexico or Texas. This is also immaterial. Whether the Third Party Defendant is a citizen of New Mexico or Texas, it is clear that the Third Party Defendant is not of the same citizenship as the

Third Party Plaintiff, a citizen of Minnesota. Thus, complete diversity is satisfied as between those parties as well.

B. Federal Question Jurisdiction

Because this Court has decided that jurisdiction is proper under §1331, this Court need not consider the parties' arguments regarding federal question jurisdiction.

Conclusion

Having decided that complete diversity exists as between the Plaintiff and the original Defendant, as well as the Third Party Plaintiff and Third Party Defendant, and that the jurisdictional amount is satisfied as to both of these claims, this Court finds that diversity jurisdiction under §1332 is proper as to all claims before the Court. Therefore, Plaintiff's and Third-party Defendant's motions for remand must be DENIED.

## ORDER

NOW, THEREFORE, Plaintiff's and Third Party Defendant's motion to remand is hereby DENIED.

**DATED** at Albuquerque, this 13th day of July, 2006.

BRUCE D. BLACK<br>
United States District Judge